In re the ADOPTION OF
Infant Female FITZ.

Randy Rudd, Appellant–Intervenor,

v.

Randall Pritt, Roberta Pritt, Robert N. Kruzick and Kimberly L. Kruzick, Appellees–Petitioners.

No. 29A04–0308–CV–384.

Court of Appeals of Indiana.

April 12, 2004.

Peter A. Kenny, Indianapolis, IN, Attorney for Appellant.

Monty K. Woolsey, Nancy L. Cross, Miroff, Cross & Woolsey, Indianapolis, IN, Attorneys for Appellees.

## OPINION

KIRSCH, Chief Judge.

Randy Rudd appeals from the trial court's decision denying his motion for relief from judgment and his motion to strike the Pritts' appearance and vacate the adoption, contending that the trial court abused its discretion in doing so.

We affirm.

### FACTS AND PROCEDURAL HISTORY

We set out the relevant facts in our prior opinion in this cause:

"Rudd and Heidi Fitz began living together in February 2000. Fitz became pregnant in April 2000. She eventually ended their relationship and decided to place their unborn baby for adoption. On December 3, 2000, before the child was born, Fitz's aunt went to Rudd's home seeking his consent to the adoption. When Rudd refused to consent, the aunt gave Rudd and his new wife written notice pursuant to IC section 31–19–3–1, which advised Rudd that he would lose his right to contest the adoption if he did not file a paternity action within thirty days of receiving the notice. The notice was prepared by Steven Kirsh, attorney for the prospective adoptive parents. The following day, Rudd registered with the Indiana State Department of Health Putative Father Registry; however, he did not file a paternity action. Rudd and Fitz's daughter was born in December 2000.

On January 2, 2001, Robert and Kimberly Kruzick filed a petition in the Hamilton Superior Court to adopt Rudd's daughter. The following day, thirty-one days after Rudd received the statutory notice, Steven Kirsh telephoned Rudd, told him that he was representing the adoptive parents and asked Rudd why he had not filed a paternity action. Kirsh explained that Rudd had thirty days after receiving the statutory notice to file his paternity action, that he had missed that opportunity, and that, at that point, there was nothing Rudd could do. Rudd filed a petition for paternity in the White Circuit Court that same day. On January 5, 2001, Rudd filed a notice in the Hamilton Superior Court to contest the adoption. Rudd's paternity action was consolidated with the adoption proceeding in the Hamilton Superior Court. Attorney Charles Rice entered an appearance on behalf of the Kruzicks on January 12, 2001. Steven Kirsh's motion to withdraw from the case was filed and granted on January 29, 2001. On February 14, 2001, and February 20, 2001, the trial court held a hearing on the petitions. The Kruzicks did not appear in court. On July 30, 2001, the trial court entered an order finding that Rudd's consent to the adoption was irrevocably implied because he filed his paternity action one day too late.

On November 2, 2001, Rudd filed a motion for relief from judgment pursuant to Ind. Trial Rule 60(B). The motion included an accompanying affidavit in which Rudd's wife averred that on August 24, 2001, a woman identifying herself as Mrs. Kruzick contacted her. Mrs. Kruzick told Rudd's wife that she and her husband had returned Rudd's daughter to the adoption agency on January 15, 2001, after learning that Rudd was contesting the adoption. At that time, the Kruzicks informed their attorney, Charles Rice, that they did not want to contest Rudd's efforts to establish paternity of the child. Mrs. Kruzick further informed Rudd's wife that she and her husband were not the party opposing Rudd at the February 2001 hearing. The motion also included an accompanying affidavit from Rudd's mother in which she also averred that Mrs. Kruzick telephoned her and gave her the same information. Rudd's motion complained that at the time of the hearing in this case, 'opposing counsel either had no client who was seeking to adopt Infant Female Fitz, other than possibly an adoption agency, or was acting contrary to the instructions of his clients.' *Appellant's Appendix* at 19.

. . .

On November 26, 2001, Rice as attorney on behalf of 'Adoptive Parents' filed a motion to strike Rudd's motion. On December 12, 2001, without a hearing, the trial court ordered that Rudd's motion be 'stricken from the record as improperly filed pursuant to the Trial Rules.' *Id.* at 26. On December 21, attorney Steven Kirsh entered an appearance on behalf of Randall and Roberta Pritt, filed an amended petition for adoption on their behalf, and sought to substitute them for the Kruzicks. Although the petition to substitute was not filed until December 21, 2001, fax machine notations on the motion indicate that it was circulated among parties and counsel in February 2001, before the hearing. The trial court granted the motion to substitute and entered a decree of adoption in favor of the Pritts on December 27, 2001."

*In re Adoption of Infant Female Fitz,* 778 N.E.2d 432, 434–36 (Ind.Ct.App.2002) (footnote omitted).

On appeal of the trial court's decision to strike Rudd's motion as improperly filed, we determined that the trial court erred and remanded the case to the trial court for a hearing on the merits of his motion. Rudd then filed a motion to have the Pritts' appearance in the case stricken and the order of substitution of parties and the adoption vacated. The trial court denied this motion on March 18, 2003.

Accordingly, the trial court conducted a hearing on Rudd's motion on April 2, 2003. On June 2, 2003, the trial court entered its findings of fact, conclusions thereon, and order denying Rudd's motion for relief from judgment and denying his motion to have the Pritts' appearance stricken and the adoption vacated. He now appeals.

## DISCUSSION AND DECISION

■ Rudd contends that the trial court erred in denying his motion for relief from judgment. Ind. Trial Rule 60(B)(3) provides that a court may relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of an adverse party. The decision of whether to grant or deny such a motion is left to the equitable discretion of the trial court. *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind.2002); *Levin v. Levin*, 645 N.E.2d 601, 604 (Ind.1994). We will not reverse a denial of a motion for relief from judgment in the absence of an abuse of discretion. *Stonger*, 776 N.E.2d at 358. The burden is on the movant to demonstrate that relief is both necessary and just. *Levin*, 645 N.E.2d at 604.

■ To assert a claim of fraud on the court, the party must establish that an unconscionable plan or scheme was used to improperly influence the court's decision and that such acts prevented the losing party from fully and fairly presenting its case or defense. *Stonger*, 776 N.E.2d at 357. Fraud on the court has been narrow-ly applied and is limited to the most egregious of circumstances involving the courts. *Id.* To prove fraud on the court, it is not enough to show a possibility that the trial court was misled. *Id.* at 358. Instead, there must be a showing that the trial court's decision was actually influenced. *Id.*

■ Here, Rudd's motion related to the order by which the trial court determined that his consent to the adoption of Infant Female Fitz was irrevocably implied by his failure to timely file his paternity action. IC 31–19–3–1 requires that a putative father be given notice that the mother of the child is considering an adoptive placement for the child. IC 31–19–9–15 further provides that a putative father's consent to the adoption of a child is irrevocably implied without further court action if the father fails to file a paternity action not more than thirty days after receiving actual notice under IC 31–19–3 of the mother's intent to proceed with an adoptive placement of the child. Here, the parties stipulated that Rudd failed to give notice within the thirty day time period. Accordingly, his consent to the adoption of Infant Female Fitz was irrevocably implied.

■ At the hearing on Rudd's motion for relief from judgment, his counsel examined Randall and Roberta Pritt and Robert and Kimberly Kruzick about their agreement and conduct in substituting the Pritts for the Kruzicks in the proceedings to adopt Infant Female Fitz. However, none of this information was relevant to the issue before the court: whether the court's order that Rudd's consent had been irrevocably implied had been procured by fraud. In fact, IC 31–19–3–4, which specifies the language and the information that the notice must contain, does not require that the adoptive parents be named. Thus, the identity of the prospective adoptive par-

ents is not relevant to the putative father's duty to timely file a paternity action to preserve his right to contest the adoption. Accordingly, any actions taken by the Kruzicks, the Pritts, or their attorneys not directly related to the provision of notice to Rudd about the adoption was irrelevant to Rudd's duty to file a paternity action to preserve his rights. Rudd produced no evidence that the trial court's determination that he failed to timely file a paternity action was procured by fraud. The trial court did not err in denying Rudd's motion to set aside the judgment.

Rudd also argues that the trial court erred in denying his motion to strike the Pritts' appearance and vacate the adoption decree. However, IC 31–19–14–3 provides that a person who is served with notice of an adoption is prohibited from contesting the adoption more than thirty days after the date of the service of the notice and may not otherwise challenge an adoption decree. Again, Rudd was served with notice of the adoption, but failed to raise his challenge within the thirty-day period. Accordingly, he may not now challenge the adoption decree. The trial court did not err in denying his motion.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.