**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 30 2014, 8:58 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ADOLPH L. BUCKNER**
Fishers, Indiana

ATTORNEY FOR APPELLEE:

**KURT V. LAKER**
Doyle Legal Corporation, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADOLPH L. BUCKNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  29A04-1404-MF-182 |
| | ) | |
| HSBC MORTGAGE SERVICES, INC., and | ) | |
| LSF8 MASTER PARTICIPATION TRUST | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-0903-MF-425

**December 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Adolph Buckner appeals the trial court's denial of several motions related to a 2009 foreclosure action commenced against him by HSBC Mortgage Services, Inc. (HSBC), and a subsequent sheriff's sale of the residence to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust (US Bank), in 2014. Buckner raises several issues, which we consolidate and restate as whether the trial court abused its discretion in denying his motions for relief from judgment. Finding no error, we affirm.

## FACTS

In 2006, Buckner and Anne Paschal purchased a home located at 14067 Clifton Court in Fortville and executed a note in favor of Accredited Home Lenders, Inc. (Accredited), promising to repay a loan in the amount of $514,000. To secure payment of the note, Buckner and Paschal executed a mortgage upon the property, which was recorded in Hamilton County. The mortgage named Mortgage Electronic Registration Systems, Inc. (MERS), as the mortgagee, holding the mortgage as nominee for Accredited.[1]

Buckner and Paschal failed to make their monthly payments under the mortgage. On March 27, 2009, HSBC filed a complaint to foreclose the mortgage, claiming that it had acquired MERS's interest in the mortgage by assignment. This claim was incorrect when it was made because MERS did not assign its interest in the mortgage to HSBC until March 31, 2009, four days later. On April 25, 2009, Paschal filed a pro se answer denying that she was in default. On May 1, 2009, HSBC filed a combined motion for

---

[1] For a succinct description of MERS and its role, see Citimortgage, Inc. v. Barabas, 975 N.E.2d 805, 808-09 (Ind. 2012).

summary judgment as to Paschal and for default as to Buckner. Buckner and Paschal filed a pro se motion to deny HSBC's summary judgment motion. After a hearing held on March 12, 2010, the trial court instructed HSBC to refile its summary judgment motion.[2]

On May 17, 2010, HSBC filed an amended motion for summary judgment that included copies of the mortgage and the note. Buckner and Paschal filed responses and the trial court granted summary judgment in favor of HSBC on July 27, 2010. Buckner filed a motion to correct error. A hearing was held on October 19, 2010, at which Buckner failed to appear. The trial court denied Buckner's motion and he did not appeal.

Over three years later, on February 3, 2014, LSF8 Master Participation Trust (LSF8), which had yet to appear in this case, filed a praecipe requesting that the court certify a copy of the foreclosure judgment to the Sheriff of Hamilton County for a sheriff's sale. Buckner then filed several motions, among which was a "Motion[] to Dismiss and to Vacate Praecipe for Sheriff's Sale," filed on February 26, 2014, arguing that LSF8 had no interest in the property. Appellee's App. p. 90. In fact, HSBC had yet to assign the foreclosure judgment to LSF8 at the time the praecipe was filed. The trial court scheduled a hearing on the matter. Prior to the hearing, on March 10, 2014, HSBC assigned the foreclosure judgment to LSF8. After the hearing, on March 24, 2014, the trial court denied Buckner's motion to dismiss. Buckner filed two more motions on

---

[2] Although the reasons for the trial court's instruction are not in the record, appellee presumes that the motion was deficient because HSBC had failed to attach the mortgage or the note to either the motion for summary judgment or the complaint.

March 24 and 25, respectively. One was a "Motion to Correct Errors," in which Buckner essentially repeated the arguments made in his February 26 motion. Appellee's App. p. 168. The other was a "Motion to Vacate Summary Judgment," in which Buckner asked the trial court to vacate its July 27, 2010, grant of summary judgment to HSBC. Appellee's App. p. 145. The trial court denied this new set of motions on March 26, 2014.

A sheriff's sale was held on March 27, 2014, and US Bank entered the winning bid. Buckner filed a notice of appeal on April 25, 2014, indicating that he was appealing the trial court's July 27, 2010 entry of summary judgment and decree of foreclosure as well as the denial of the motions he filed on March 24 and 25, 2014.

## DISCUSSION AND DECISION

For the sake of clarity, we treat this as an appeal from the trial court's March 26, 2014, denial of Buckner's "Motion to Correct Errors" and "Motion to Vacate Summary Judgment." Appellee's App. p. 90, 145. We treat these motions as motions for relief from judgment under Indiana Trial Rule 60(B).

The decision to grant or deny a Trial Rule 60(B) motion for relief from judgment is within the sound discretion of the trial court. Stonger v. Sorrell, 776 N.E.2d 353, 357 (Ind. 2002). We will not disturb the trial court's judgment absent an abuse of discretion. Id. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. G.H. Skala Const. Co. v. NPW, Inc., 704 N.E.2d 1044, 1047 (Ind. Ct. App. 1998).

4

Trial Rule 60(B) provides that the trial court may relieve a party from a judgment for a number of reasons, among those being fraud, misrepresentation, or other misconduct of an adverse party. The party seeking relief is required to file such a motion "not more than one year after the judgment." T.R. 60(B). However, the rule further specifies that it "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court." Id. As Buckner alleges in his motions that both HSBC and LSF8 committed a fraud upon the court, we will construe these motions as pleadings to invoke the court's inherent power to grant relief for fraud upon the court. Buckner thus avoids application of the one-year time limit. See Stonger, 776 N.E.2d at 357.

We therefore reframe Buckner's arguments as follows: (1) whether HSBC committed a fraud upon the court by representing in its original complaint that it had been assigned an interest in the mortgage prior to the assignment taking place, requiring relief from the grant of summary judgment in favor of HSBC on July 27, 2010; and (2) whether LSF8 committed a fraud upon the court by filing a praecipe for sheriff's sale before HSBC had assigned the foreclosure judgment to LSF8, requiring the trial court to vacate the praecipe for sheriff's sale.[3]

---

[3] Buckner's brief contains numerous arguments that lack citation to authority and numerous assertions that lack sufficient explanation. Failure to make arguments cogently and with citation to authority results in waiver. Thacker v. Wentzel, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003); see also Ind. Appellate Rule 46(A)(8)(a). Buckner's unsupported arguments and assertions are too numerous to individually catalog. Therefore, we simply note that, to the extent that Buckner attempts to raise issues other than the two we have restated above, these issues have been waived for failure to comply with Appellate Rule 46.

## I. Inaccurate Statement in HSBC's Complaint

On March 27, 2009, HSBC filed its foreclosure complaint, which included the following statement:

> 5. Mortgage Electronic Registration Systems, Inc. solely as nominee for Accredited Home Lenders, Inc. assigned its interest in the Mortgage to HSBC Mortgage Services, Inc. by an Assignment of Mortgage.

Appellee's App. p. 10. This statement was inaccurate at the time it was made. MERS did not assign the mortgage to HSBC until March 31, 2009, four days after the complaint was filed. Therefore, Buckner claims that HSBC committed a fraud upon the court and asks us to "dismiss the case with prejudice." Appellant's Br. p. 34.

To obtain relief through a showing of fraud upon the court, Buckner carries the burden of "showing that the trial court's decision was actually influenced" by the alleged fraud. Stonger, 776 N.E.2d at 358. It is not enough to show a mere possibility that the trial court was misled. Id. Buckner "must establish that an unconscionable plan or scheme was used to improperly influence the court's decision and that such acts prevented [him] from fully and fairly presenting [his] case or defense." Id. at 357.

Buckner has failed to make this showing. At the time summary judgment was granted, HSBC was in possession of the note. Thus, Buckner's claim that "HSBC has not put forth any evidence that they owned the note or had the right to enforce it" is incorrect. Appellant's Br. p. 17. Because the note was endorsed in blank, it was a bearer instrument, and HSBC was therefore its holder. Ind. Code § 26-1-1-201(20)(A). As the holder, HSBC was entitled to enforce the instrument. I.C. § 26-1-3.1-301.

6

HSBC had also been assigned the mortgage at the time of summary judgment. Although the assignment was not introduced into evidence, HSBC stated in an affidavit dated May 1, 2009, that it had been assigned the mortgage. Appellee's App. p. 33. Buckner did not contest, nor does he contest now, the accuracy of this sworn statement.

Therefore, at the time that summary judgment was granted, the court had uncontroverted evidence before it that HSBC was the holder of the note and the assignee of the mortgage. Although we do not condone inaccurate statements in complaints, the inaccuracy Buckner points to was of no practical consequence in this case.[4] Although Buckner argues that the "assertion that the Assignment of Mortgage existed at the time the complaint was initially filed materially affected the court's decision to grant summary judgment for [HSBC]," we do not believe this to be the case. Appellant's Br. p. 23. The trial court reached its decision only after having received HSBC's amended motion for summary judgment as well as a copy of the note, the mortgage, and an affidavit stating HSBC had been assigned the mortgage. Under these circumstances, the trial court's decision was not actually influenced by any inaccuracies in the complaint.[5]

---

[4] While we do not find that this inaccuracy rose to the level of fraud upon the court, we do not wish to dismiss it as a mere technicality. If we infer from the circumstances that MERS and HSBC had contracted for the assignment of the mortgage prior to the complaint being filed, HSBC could have avoided any inaccuracy by simply pleading that it had so contracted and that it expected to receive the assignment shortly. Had it done so, HSBC would have established its standing without making any inaccurate statements—obviously the preferable method.

[5] Buckner claims that HSBC lacked standing to bring the complaint or that it was not the real party in interest for purposes of Indiana Trial Rule 17. We note that Buckner could have raised these issues upon the filing of the complaint through a motion to dismiss under Indiana Trial Rule 12(B)(6). Had he done so, and had the trial court sustained such a motion, HSBC would have been given an opportunity to amend its pleading ("When a motion to dismiss is sustained for failure to state a claim under subdivision

## II. Assignment of Judgment to LSF8

On February 3, 2014, LSF8 filed a praecipe for sheriff's sale. Appellee's App. p. 87. Buckner filed a motion claiming that LSF8 did not have any interest in the property and, therefore, had no right to request a sheriff's sale. Id. at 110-11. The trial court scheduled a hearing on the matter. Before the hearing took place, on March 10, 2014, HSBC assigned its judgment to LSF8. On March 24, 2014, the trial court denied Buckner's motion. The next day, Buckner filed a motion to correct errors in which he reiterated his previous argument. The following day, the trial court denied this motion as well.

This argument can be dealt with in the same manner as the previous argument. Buckner cannot show that the trial court's decision was actually influenced by this inaccuracy because, as the assignment had been filed with the trial court prior to the time it ruled on Buckner's motion, the trial court was not under any false impression as to who had the right to enforce the judgment when it ruled. Buckner also fails to explain how LSF8's filing of a praecipe for a sheriff's sale before it had been assigned HSBC's foreclosure judgment prevented Buckner from presenting his case or defense. Buckner has failed to show that either he or the court was deceived prior to the court's decision to

---

(B)(6) of this rule the pleading may be amended once as of right . . . within ten [10] days . . . .”). T.R. 12(B). Thus, had Buckner followed the proper procedure, the error in HSBC's complaint would not have resulted in outright dismissal of the case.

deny his motion and, therefore, he has failed to show that any alleged inaccuracy influenced the trial court's decision. Consequently, we find no error.[6]

The judgment of the trial court is affirmed.

NAJAM, J., and BAILEY, J., concur.

---

[6] Buckner takes issue with the assignment of the judgment from HSBC to LSF8, as well as from LSF8 to US Bank—who took the property at the foreclosure sale. Buckner argues that these assignments were illegal because the attorney who signed them did so without the express authority of his clients and the assignments were not properly attested by the clerk of the court. However, Buckner fails to meet his burden as he has provided no evidence that this was the case.