# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 29 2016, 10:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew J. Sickmann
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery Allen Bell, <br> *Appellant-Respondent,* <br><br> v. <br><br> Leslie Ann Bell, <br> *Appellee-Petitioner.* | November 29, 2016 <br><br> Court of Appeals Case No. <br> 89A01-1607-DR-1594 <br><br> Appeal from the Wayne Superior Court <br><br> The Honorable David A. Kolger, Special Judge <br><br> Trial Court Cause No. <br> 89D02-1211-DR-424 |

**Bailey, Judge.**

# Case Summary

Jeffery Bell ("Husband") appeals the trial court's denial of his Indiana Trial Rule 60(B) petition to set aside a provision of the Dissolution of Marriage Decree concerning Husband and Leslie Bell ("Wife"). Husband contends that the trial court erred in failing to terminate his spousal-maintenance obligation because Husband's agreement to pay was unconscionable and the product of duress, undue influence, and fraudulent inducement. Concluding *sua sponte* that Husband did not timely seek relief from the maintenance obligation incorporated into the Dissolution of Marriage Decree, we affirm on other grounds.

# Facts and Procedural History

When Husband and Wife divorced in 2006, they entered into a settlement agreement, which the trial court incorporated and merged into its Dissolution of Marriage Decree. The agreement—which itself allowed modification only by written agreement—provided, *inter alia*, that Husband would pay Wife spousal maintenance. In 2007, Husband and Wife modified their agreement, with one modification reducing Husband's maintenance obligation. The trial court, in turn, incorporated the modification into its decree. In 2008, other aspects of the agreement underwent changes, but the trial court's modified maintenance order remained in effect.

On September 30, 2013, and then as amended on March 31, 2015, Husband petitioned to modify the trial court's decree. In part, Husband sought to have his maintenance obligation terminated, alleging that the underlying agreement to pay maintenance was unconscionable and fraught with issues of fraudulent inducement, duress, and undue influence. Following a hearing, the trial court denied Husband's petition.

Husband now appeals.

# Discussion and Decision

"To promote the amicable settlements of disputes," parties to a dissolution of marriage proceeding may agree, in writing, to the maintenance of either party. Ind. Code § 31-15-2-17(a). Where they have done so, "the terms of the agreement, if approved by the court, shall be incorporated and merged into the decree and the parties shall be ordered to perform the terms." I.C. § 31-15-2-17(b)(1). In general, "we will presume the parties intended their agreement to be final and non-modifiable unless they specifically provided otherwise." *Pohl v. Pohl*, 15 N.E.3d 1006 (Ind. 2014). When a trial court reviews a proposed agreement or modification, the court "should concern itself only with fraud, duress, and other imperfections of consent . . . or with manifest inequities, particularly those deriving from great disparities in bargaining power." *Voigt v. Voigt*, 670 N.E.2d 1271, 1278-80 (Ind. 1996) (citation omitted).

[6] Husband independently sought modification of his spousal-maintenance obligation arising from his original and modified agreement with Wife, which the trial court had approved and merged into its decree. At the hearing on Husband's petition, Husband alleged that Wife made threats that vitiated his consent to the underlying agreement. Although neither Husband's petition nor the trial court's order denying the petition refers to Indiana Trial Rule 60(B), Husband now characterizes his petition as a Trial Rule 60(B) motion and we agree with this characterization. Trial Rule 60(B) provides certain grounds for relief from an order. Among them, Trial Rule 60(B)(3) provides that the trial court may relieve a party from an order due to fraud, misrepresentation, "or other misconduct of an adverse party." However, where a party seeks relief under Trial Rule 60(B)(3), the party must do so within one year of the order's entry. Ind. Trial Rule 60(B); *Stonger v. Sorrell*, 776 N.E.2d 353, 357 (Ind. 2002).

[7] All of Husband's arguments for Trial Rule 60(B) relief stemmed from Wife's purported misconduct. Therefore, Husband sought relief under Trial Rule 60(B)(3) and was subject to the one-year deadline. The trial court ordered Husband to comply with the original maintenance terms in its 2006 decree and the modified terms in its 2007 decree. However, Husband did not seek relief from any order until 2013. Husband's petition was untimely.

[8] We will reverse the denial of a Trial Rule 60(B) motion only where the trial court abuses its discretion, *Stonger*, 776 N.E.2d at 358, and the trial court did not abuse its discretion in denying Husband's untimely request for relief.

# Conclusion

The trial court did not err in denying Husband's untimely Trial Rule 60(B) request to modify his spousal-maintenance obligation.

Affirmed.

Najam, J., and May, J., concur.