## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2017, 11:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

John J. Schwarz, II
Schwarz Law Office, P.C.
Hudson, Indiana

ATTORNEY FOR APPELLEES

Bill D. Eberhard, Jr.
Eberhard & Weimer, P.C.
LaGrange, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Audrey Mullins and
Danny Mullins,

*Appellants-Plaintiffs,*

v.

Robert Maas and Gail Maas,

*Appellees-Defendants.*

July 27, 2017

Court of Appeals Case No.
44A03-1611-MI-2631

Appeal from the LaGrange Superior Court

The Honorable Lisa M. Bowen-Slaven, Judge

Cause No. 44D01-1310-MI-77

**Bradford, Judge.**

# Case Summary

[1]     In 2013, Appellants-Plaintiffs Audrey and Danny Mullins sued for adverse possession of a parcel of land also claimed by Appellees-Defendants Robert and Gail Maas ("the Disputed Parcel"). After a bench trial, the trial court entered judgment in favor of the Mullinses. The trial court, however, granted the Maases' motion to correct error, which grant awarded possession of the Disputed Parcel to them. After almost one year passed, the Mullinses moved for relief from judgment, which motion the trial court denied. The Mullinses contend that the trial court abused its discretion in denying their motion for relief from judgment on several bases, including excusable neglect, newly-discovered evidence, misrepresentation, and that the trial court's ruling was untimely. Because we conclude that the first three claims lack merit and that the fourth is waived for appellate review, we affirm.

# Facts and Procedural History

[2]     In July of 1981, the Mullinses purchased real estate in Brushy Prairie in LaGrange County, consisting primarily of Lot 14 of the plat. At the time, there was a general discussion of the real estate's boundaries, but no survey was performed. Between 1981 and 2006, the Mullinses made at least some use of the Disputed Parcel, which consisted of parts of adjacent Lots 13, 23, and 24 of the Brushy Prairie plat, planting and/or maintaining bushes, trees, grass, bird feeders, and burn barrels on it.

[3] Also between 1981 and 2006, Linda Lee Perkins, who believed that she owned the Disputed Parcel, also used it, hiring someone to mow it and owning a pole barn that was situated partially in it. In 2006, the Maases purchased property in Brushy Prairie from Perkins, the deed to which included the Disputed Parcel. The LaGrange County Auditor has since determined that Perkins did not, in fact, possess legal title to the Disputed Parcel at the time of the sale. In any event, at some point in 2013, a survey was performed which excluded the Disputed Parcel from the Mullinses' property.

[4] On October 28, 2013, the Mullinses filed a complaint against the Maases for adverse possession of the Disputed Parcel. On December 18, 2014, the trial court conducted a bench trial and took the matter under advisement. On December 31, 2014, the trial court entered judgment in favor of the Mullinses. On January 1, 2015, Judge Lisa M. Bowen-Slaven took over the case, having recently been elected. On January 30, 2015, the Maases filed a motion to correct error. On May 26, 2015, the trial court granted the Maases' motion to correct error. The trial court's order provided, in part, as follows:

> 1. To prevail on a claim of adverse possession, a claimant must establish the following four elements: (1) control; (2) intent; (3) notice; (4) duration; and in boundary disputes, adverse claimants must demonstrate that they substantially complied with Indiana Code Section 32-21-7-1 and the payment of taxes,
>
> 2. To establish control, the adverse claimant must have exercised a degree of use and control over the parcel that is normal and customary considering the characteristics of the land in question. The element of control is composed of and recognizes the former elements of actual and exclusive possession. To demonstrate

intent, the claimant must have shown his or her intent to claim full ownership of the tract superior to the rights of all others, particularly the legal owner. The element of intent is recognizing and reflecting components of the former elements of claim of right, exclusive, hostile and adverse. For notice, the claimant's actions with respect to the land must have been sufficient to give actual or constructive notice to the legal owner of the claimant's intent and exclusive control. To show duration, the claimant must have satisfied each of the other elements continuously for the required period of time, i.e. ten years. _Fraley v. Minger_, 829 NE. 2d 476 (Ind. 2005).

3. The party asserting the claim of adverse possession must establish the elements of adverse possession by clear and convincing evidence. _Fraley_ at 483.

4. A person may not control a parcel of property and at the same time acknowledge that there exists other people who have, and should continue to have in the future, the right to make use of the same real estate.

5. There was no evidence presented to suggest that the Mullins excluded others from using the Disputed Property during the period from 1981 through 2006.

6. There was no evidence presented to suggest that Linda Lee Perkins was on notice that the Mullins were asserting a claim of full ownership of the tract superior to the rights of all others, particularly Linda Lee Perkins, during the period from 1981 through 2006.

7. The Mullins have failed to establish the elements of control, intent and notice during their claimed period of duration, specifically, August 1981 through 2096, by clear and convincing evidence and therefore their claim of adverse possession to the Disputed Property must fail.

8. Although a conclusion related to payment of property taxes for the Disputed Property is not necessary, based on the Plaintiffs having failed to meet their burden in relation to the adverse possession criteria, the Court also concludes that the Plaintiffs

failed to establish substantial compliance with the Adverse Possession Tax Statute.

…

10. The Plaintiffs' claim, as filed on October 28, 2013, was for adverse possession. The fact that there may now be some dispute as to whether or not Linda Lee Perkins legally owned the Disputed Property at the time of the conveyance in 2006 to the Defendants is irrelevant to the claim before the Court.

JUDGMENT

The Plaintiffs having failed to satisfy their burden on their claim of adverse possession, the Court hereby enters judgment in favor of the Defendants. JUDGMENT ACCORDINGLY.

Appellant's App. Vol. II pp. 45-46.

On May 26, 2016, the Mullinses filed an Indiana Trial Rule 60 motion for relief from judgment. On October 18, 2016, the trial court denied the Mullinses' motion for relief from judgment.

# Discussion and Decision

## I. Motion for Relief from Judgment

The Mullinses contend that the trial court abused its discretion in denying their motion for relief from judgment.

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due

> diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]

> ….

> A movant filing a motion for reasons (1), (2), [or] (3) … must allege a meritorious claim or defense.

Ind. Trial Rule 60(B).

> The burden is on the moving party to establish the ground for relief under Trial Rule 60(B). *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010).… Trial Rule 60(B) motions address only the procedural, equitable grounds for justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *Id.*

> We review the trial court's ruling on a motion for relief from judgment using an abuse of discretion standard. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008). An abuse of discretion occurs only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and inferences drawn therefrom. *P.S.S.*, 934 N.E.2d at 741. Moreover, where as here, the trial court enters special findings and conclusions pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard of review. *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002). First we determine if the evidence supports the findings, and second whether the findings support the judgment. *Id.* The trial court's findings and conclusions will be set aside only if clearly erroneous. *Id.* We neither reweigh the evidence nor reassess witness credibility. *Id.* Instead, we must accept the ultimate facts as stated by the trial court if there is evidence to sustain them. *Id.*

*Barton v. Barton*, 47 N.E.3d 368, 373 (Ind. Ct. App. 2015), *trans. denied*.

[7] The Mullinses claim they are entitled to relief from judgment on the bases of excusable neglect, allegedly newly-discovered evidence, and/or misrepresentation. As mentioned, all of these bases also require that the Mullinses allege a meritorious claim or defense, which the Mullinses have failed to do.

[8] The Mullinses focus on several things: their claim that have both suffered recent health problems, the question of who has actually paid property taxes on the Disputed Parcel over the years, whether the Maases installed a septic tank in the Disputed Parcel, and whether the Maases made misrepresentations regarding the taxes and septic tank. Even if we assume that all of these issues can be resolved in the Mullinses' favor, that would not help them. As the Maases point out, the trial court's grant of their motion to correct error did not depend on the resolution of any questions regarding taxes or a septic tank. Rather, the trial court's decision was based on the trial court's findings that the Mullinses failed to establish the elements of control, intent, and notice, any one of which would be fatal to their adverse-possession claim and none of which they challenge. Because they failed to allege a meritorious claim or defense, the Mullinses have likewise failed to establish that the trial court abused its discretion in their motion for relief from judgment.

## II. Timing of Ruling on Motion to Correct Error

[9] The Mullinses argue that the trial court should grant them relief from the grant of the Maases' motion to correct error because the trial court did not issue its

order within thirty days of the hearing held on March 26, 2015. Trial Rule 53.3 provides, in part, as follows:

> (A) **Time limitation for ruling on motion to correct error.** In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.
>
> (B) **Exceptions.** The time limitation for ruling on a motion to correct error established under Section (A) of this rule shall not apply where:
>
> > (1) The party has failed to serve the judge personally; or
> >
> > (2) The parties who have appeared or their counsel stipulate or agree on record that the time limitation for ruling set forth under Section (A) shall not apply; or
> >
> > (3) The time limitation for ruling has been extended by Section (D) of this rule.

The Mullinses note that the trial court did not rule on the Maases' motion to correct error within thirty days of the March 26, 2015, hearing, and while they do not deny that the parties did, in fact, agree to waive the time limitation, they argue that any such agreement was not sufficiently "on record."

[10] The record on appeal touches on this question several times. At the March 26, 2015, hearing on the motion to correct error, Judge Bowen-Slaven noted that she was not the judge who issued the judgment of December 31, 2014, and indicated that she wished to review the recording of the bench trial. The

Mullinses' counsel then moved to vacate oral argument on the motion to correct error, observing that it would be "kind of silly" to make arguments based on something the current trial court had not heard. March 26, 2016, Tr. p. 3. Both parties agreed to conduct oral argument at a later date after Judge Bowen-Slaven had an opportunity to review the tapes of the bench trial and if she felt it necessary. Judge Bowen-Slaven took the matter under advisement and indicated that she would review the trial tapes and contact the parties if she felt oral argument was necessary.

[11] In the May 26, 2015, order granting the Maases' motion to correct error, the trial court indicated that "the parties each agreed to extend the deadline for ruling on the Motion to Correct Errors, to and including June 7, 2015." Appellant's App. Vol. II p. 43. Finally, the trial court's October 18, 2016, order denying the Mullinses motion for relief from judgment contains the following:

> 8. Thereafter, within thirty (30) days of the March 26, 2015 hearing on Defendants' Motion to Correct Error, the Court held a telephonic conference with the attorneys of record at that time and requested additional time to rule on the Motion to Correct Errors.
>
> 9. Although the telephone conference was not recorded, both parties' legal counsel advised the Court that they specifically agreed to extend the time for ruling on the Motion to Correct Errors for so long as the Court reasonably needed to review the record and evidence that was admitted at trial in this cause, in order to make a fully informed decision. The Court advised the parties during the telephone conference that a decision would be made by June 7, 2015, to which counsel indicated their consent.

Appellant's App. Vol. II p. 13.  In short, even though there is no contemporaneous record of the telephone conference or the parties' agreement to extend the deadline for the trial court to rule on the Maases' motion to correct error, the record clearly indicates that the parties agreed to extend the deadline.

[12]  The case of *Anderson v. Horizon Homes, Inc.*, 644 N.E.2d 1281 (Ind. Ct. App. 1995), *trans. denied*, is similar enough to be helpful.  The Andersons contracted with Horizon Homes to build them a house, which, following delays and disputes, was never finished.  *Id.* at 1284.  The resulting litigation resulted in an award of money damages to Horizon on May 14, 1993.  *Id.* at 1285.  On June 11, 1993, a telephonic conference involving the parties and the trial court was conducted, although the details of the conference were not made part of the record at the time.  *Id.*  On September 17, 1993, the trial court denied the Andersons' motion to correct error.  *Id.*  On October 18, 1993, the Andersons filed a praecipe of appeal, which Horizon Homes challenged as untimely on the basis that the Andersons' motion to correct error had been deemed denied on July 31, 1993, pursuant to Trial Rule 53.3(A).  *Id.* at 1586.

[13]  On November 22, 1993, the trial court ordered the correction of its June 11, 1993, docket entry to reflect that the parties had agreed to extend the time in which the trial court could rule on the Andersons' motion to correct error:

> 1.  That the Entry of the Pre-Trial Conference held telephonically on June 11, 1993, did not completely set forth the discussions and statements of the parties and the Court, and a clerical

mistake was made in not accurately depicting the content of that Pre-Trial Conference as more specifically set forth below.

2. That … [a] conversation was held between the Court and the parties regarding the Defendants' anticipated Motion to Correct Error.…

* * * * * *

4. That Trial Rule 53.3 was discussed during the Pre-Trial Conference and the Court stated to the parties that it would diligently attempt to rule on said Motion to Correct Errors within the time limitation set forth in said Rule.… The Court stated that it intended to move expeditiously in its consideration of the Motion to Correct Errors, but could not state that it could issue its ruling on said Motion within forty-five (45) days of the date the Defendant [sic] filed their Motion to Correct Errors due to [a] congested court calander [sic] and vacation. The parties advised the Court that they would provide the Court with the time necessary to properly rule on the Motion to Correct Errors.

*Id*. at 1285 (bracketed material in *Anderson*).

[14] As is the case here, Horizon Homes did not deny that it agreed that the time limits of Trial Rule 53.3 would not apply, only that the agreement was not "of record." *Id*. at 1286. We rejected Horizon Homes's argument, noting that "[t]he November 22, 1993, order is clear that the parties agreed, at the trial court's urging, that the forty-five day time limit of T.R. 53.3(A) would not apply" and concluding "that the 'on record' requirement of T.R. 53.3(B) was satisfied." *Id*. at 1286.

[15] We see no meaningful distinction between this case and *Anderson* and so reach the same result. The trial court's orders granting the Maases' motion to correct error and denying the Mullinses' motion for relief from judgment, although not

contemporaneous to the agreement to extend the deadline for ruling on the motion to correct error, clearly reflect that such an agreement was reached. Under the circumstances of this case—and keeping in mind that the Mullinses have never denied that such an agreement existed—we conclude that Trial Rule 53.3(B)'s "on record" requirement was satisfied.[1] The Mullinses are not entitled to relief from judgment on the basis that the trial court did not timely rule on the Maases' motion to correct error.

We affirm the judgment of the trial court.

May, J., and Barnes, J., concur.

---

[1] We feel that concluding otherwise in this case would be placing form over substance. Of course, the better practice would be to contemporaneously record any such agreement in some detail, whether in open court or through an entry in the Chronological Case Summary.