**Richard M. CLOKEY, Appellant–Petitioner,**

v.

**Penny M. Bosley CLOKEY, Appellee–Respondent.**

**No. 84A01–1009–DR–450.**

Court of Appeals of Indiana.

Dec. 13, 2011.

William S. Frankel, IV, Wilkinson Goeller Modesitt, Wilkinson & Drummy, Terre Haute, IN, Attorney for Appellant.

Eric A. Frey, Terre Haute, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

Richard petitions for rehearing following our opinion in *Clokey v. Clokey*, 956 N.E.2d 714 (Ind.Ct.App.2011). In *Clokey*, we held that the trial court had not abused its discretion when it awarded Penny incapacity maintenance. As pointed out by Richard in his petition, while we evaluated the elements the trial court took into account to award the capacity maintenance, we did not directly address Richard's "ability to satisfy the maintenance obligation." (Pet. Reh'g p. 2). We therefore grant rehearing to clarify this issue.

In determining the propriety of a maintenance award, the "ability of the husband to pay should also be made to appear." *Rooney v. Rooney*, 231 Ind. 443, 109 N.E.2d 93, 94 (1952). Richard avers that "his average gross income is only $2,014.33, 'only a few dollars more than what he was ordered to pay Penny' and he is without any other resources to satisfy the obligation." (Pet. Reh'g p. 2). However, in its findings, the trial court clearly considered Richard's earnings:

> Husband is not disabled but receives social security based on his age and is still employed and receiving income from teaching and writing and holds advanced college degrees. In addition Husband has a family trust which has a value of approximately six hundred thousand dollars ($600,000) which also includes the marital residence.

(Appellant's App. p. 7). Thus, even though the trial court did not state so explicitly, the court considered Richard's sources of income and his ability to pay the maintenance award. Therefore, we cannot say that the trial court abused its discretion. We affirm our opinion in every respect.

DARDEN, J. and BARNES, J., concur.