## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 18 2016, 6:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| David John Macintosh, Jr., <br> *Appellant-Petitioner,* <br><br> v. <br><br> Pamela Jo Macintosh, <br> *Appellee-Respondent.* | November 18, 2016 <br><br> Court of Appeals Case No. <br> 72A01-1606-DR-1323 <br><br> Appeal from the Scott Circuit Court <br><br> The Honorable Roger L. Duvall, Judge <br><br> Trial Court Cause No. <br> 72C01-1601-DR-6 |

**Najam, Judge.**

## Statement of the Case

David MacIntosh, Jr. ("Husband") appeals the dissolution court's final decree, which ended his marriage to Pamela Jo MacIntosh ("Wife"). Husband

presents two dispositive issues for our review, namely, whether the dissolution court erred when it assessed the value of the marital residence and when it excluded Wife's inheritance from the marital pot. We reverse and remand with instructions.

## Facts and Procedural History

[2] Husband and Wife were married in 2008. Husband and Wife each brought assets to the marriage, and they built a house together on land Wife had inherited from her father. In 2013, Wife received an inheritance of $250,000, which she kept in a separate bank account. Wife spent approximately $160,000 of the inheritance to pay off the mortgage debt on the marital residence and to buy flooring, a hot tub, an above-ground pool, and other improvements to the marital residence. There were no children born of the marriage.

[3] On January 11, 2016, Husband filed a petition for dissolution of the marriage. During the final hearing, the parties stipulated that the marital residence was worth $275,000. Following that hearing, the dissolution court issued a dissolution decree stating in relevant part as follows:

> 5. The remaining issue involves the division of the marital estate. During the period of the marriage both parties sold or disposed of existing residences and the proceeds of those properties merged into the marital estate.
>
> 6. [Wife] received a significant inheritance from her Father and the court will set aside that inheritance (and the use of the proceeds in constructing the marital residence) from the marital estate and not consider that inheritance a marital asset.

7.      The Court has considered and will treat the above[-]ground pool, the deck with that pool and the hot tub as personal property and not a part of the value of the real estate . . . .  The Court depreciates those assets to 75% of the value assigned by [Husband] given their age and their incorporation into the realty.

8.      The Court finds the value of the 2014 Chevrolet Silverado to be $28,000.00.

9.      [Husband] should retain his military pension free and clear of any claims by [Wife].

10.      [Wife] is entitled to the inheritance from her Father free and clear of any claims by [Husband].

11.      [Husband] shall receive the stainless steel sink and may remove that sink within 60 days. . . .  [Husband] shall receive the 55[-]inch Samsung TV and the pool table.  Other than this specific order, the parties shall retain that property now in their possession free and clear of claims by the other party.

12.      The balance of the marital estate shall be divided as set forth in the attached exhibit.  Each party shall keep that property listed to them in the exhibit free and clear of the other party and be responsible for those debts listed in the exhibit and hold the other party harmless.

13.      [Wife] shall pay to [Husband] an equalization payment of $22,046.09 within 60 days of this Decree of Dissolution of Marriage.  [Wife] shall also refinance the home mortgage during that time to remove [Husband]'s name from that liability.

14.      Each party shall execute such deed, title or other document of ownership to transfer the real and personal property consistent with the ownership ordered by this Decree of Dissolution of Marriage.

Appellant's App. at 5-7. And in its division of the marital estate, the dissolution court: assessed the value of the marital residence at $50,000; awarded assets to Wife in the amount of $165,760.28, including the marital residence, and debts in the amount of $45,951.70; awarded assets to Husband in the amount of $92,018.44 and debts in the amount of $16,302.03; and, after an equalization payment of $22,046.09 from Wife to Husband, purported to award one-half of the marital estate to Wife and one-half to Husband. This appeal ensued.

## Discussion and Decision

[4] Initially, we note that Mother has not filed an appellee's brief. Accordingly, we will reverse the trial court's judgment if the appellant presents a case of prima facie error. *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010). Prima facie error is error at first sight, on first appearance, or on the face of it. *Id.* Where an appellant does not meet this burden, we will affirm. *Id.*

[5] It is well-established in Indiana that all marital property goes into the marital pot for division, whether it was owned by either spouse prior to the marriage, acquired by either spouse after the marriage and prior to final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4(a) (2016); *Hill v. Hill*, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007). This "one-pot" theory insures that all assets are subject to the trial court's power to divide and award. *Hill*, 863 N.E.2d at 460. While the trial court may ultimately determine that a particular asset should be awarded solely to one spouse, it must first include the asset in its consideration of the marital estate to be divided. *Id.*

[6] After determining what constitutes marital property, the trial court must then divide the marital property under the presumption that an equal division is just and reasonable. *Barton v. Barton*, 47 N.E.3d 368, 379 (Ind. Ct. App. 2015), *trans. denied*. This presumption may be rebutted by relevant evidence that an equal division would not be just and reasonable. I.C. § 31-15-7-5. However, the trial court must state its reasons for deviating from the presumption of an equal division in its findings and judgment. *Barton*, 47 N.E.3d at 379.

[7] Here, Husband first contends that the dissolution court erred when it concluded that the marital residence was worth $50,000 despite the parties' stipulation at the final hearing that it was worth $275,000. A stipulation is binding on both the parties and the trial court, and establishes a particular matter as a fact. *Coleman v. Atchison*, 9 N.E.3d 224, 229 (Ind. Ct. App. 2014). The trial court erred when it did not value the marital residence at $275,000.

[8] Further, as Husband correctly points out, the dissolution court explicitly excluded Wife's inheritance from the marital pot, including "the use of the proceeds in constructing the marital residence." Appellant's App. at 6. The decree states that "the court will set aside that inheritance . . . from the marital estate and not consider that inheritance a marital asset." *Id.* Because the law requires that Wife's inheritance be included in the marital estate, *Hill*, 863 N.E.2d at 460, we reverse and remand with instructions to the dissolution court to include Wife's inheritance in the marital pot. Also on remand, the dissolution court shall assess the value of the marital residence at $275,000. The dissolution court then shall divide the marital property under the

presumption that an equal division is just and reasonable. *Barton*, 47 N.E.3d at 379. If the dissolution court decides that the evidence warrants a deviation from an equal division, the court must state its reasons for that deviation. *Id.*

[9] Because this issue is likely to recur on remand, we also address Husband's contention that, once included in the marital pot, the dissolution court may not deviate from the presumptive fifty-fifty division of the marital pot based on Wife's inheritance. In particular, Husband maintains that, "because the proceeds of [the] inheritance were commingled with marital assets," the court may not set over the inheritance proceeds to Wife. Appellant's Br. at 18. In support of that contention, Husband cites *Castaneda v. Castaneda*, 615 N.E.2d 467, 470-71 (Ind. Ct. App. 1993), where this court affirmed the dissolution court's deviation from the presumptive fifty-fifty division of marital property based upon the wife's inheritance. But, while the evidence in *Castaneda* showed that the wife kept the inheritance proceeds in a separate account and "did not treat [the money] as marital property," nothing in *Castaneda* prohibits setting aside an inheritance to one party where the proceeds are commingled with marital assets. *Id.*

[10] Rather, as we observed in *Hyde v. Hyde*, 751 N.E.2d 761, 766 (Ind. Ct. App. 2001),

> [a]lthough the courts in *Castaneda* and *Scott*[ *v. Scott*, 668 N.E.2d
> 691 (Ind. Ct. App. 1996)] affirmed setting aside the party's
> inheritance because the funds were never co-mingled with the
> marital assets, both of those cases recognize that while a trial

court must include the inheritance in the marital pot, the decision of whether to set over the inheritance to a party is discretionary.

Thus, here, the trial court has discretion to set over the inheritance to Wife. But the starting point is for the court to include the inheritance in the marital pot. If the court then determines that setting aside that inheritance to Wife is just and proper, the court must explain its determination and any deviation from the presumptive fifty-fifty split accordingly.[1]

Reversed and remanded with instructions.

Vaidik, C.J., concurs.

Baker, J., concurs with separate opinion.

---

[1] Of course, on remand, the final division of property may be the same or similar to the effective distribution in the dissolution court's original order.

# IN THE
# COURT OF APPEALS OF INDIANA

David John Macintosh, Jr.,

*Appellant-Petitioner,*

v.

Pamela Jo Macintosh,

*Appellee-Respondent.*

Court of Appeals Case No.
72A01-1606-DR-1323

**Baker, Judge, concurring.**

I fully concur with the majority opinion. I write separately to explain that, while I am compelled to agree that this judgment must be reversed and remanded given the analytical errors in the trial court's order, it is possible that the trial court could reach essentially the same result on remand. It may well be that, when the correct analysis is applied, including the placement of all assets into the marital pot and the valuation of the marital residence as stipulated to by the parties, the final division of property may be remarkably similar to the trial court's original order. *See Barton*, 47 N.E.3d at 379 (holding that the trial court is not required to split the marital assets equally so long as it states its reasons for the unequal division of property and the division is just and reasonable). Regardless of the outcome, the errors of analysis must be rectified on remand.