## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2020, 7:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Michael Cheerva
Emswiller Williams Noland & Clarke, LLC
Indianapolis, Indiana

Brent C. Embrey
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Won Kim,

*Appellant-Petitioner,*

v.

Mi Chong Kim,

*Appellee-Respondent.*

January 24, 2020

Court of Appeals Case No.
19A-DN-1143

Appeal from the Hancock Circuit Court

The Honorable R. Scott Sirk, Judge

The Honorable Cody B. Coombs, Commissioner

Trial Court Cause No.
30C01-1803-DN-485

**Mathias, Judge.**

[1] The Hancock Circuit Court entered a decree dissolving the marriage of John Won Kim ("Husband") and Mi Chong Kim ("Wife") and ordering Husband to pay Wife spousal maintenance in the amount of $1,500 per month. Husband appeals and argues that the trial court erred by ordering him to pay spousal maintenance.

[2] We affirm.

## Facts and Procedural History

[3] Husband and Wife were married on October 23, 2004. The couple separated on February 27, 2018, and Husband filed a petition to dissolve the marriage on March 28, 2018. On June 18, 2018, Husband filed a motion requesting a final hearing on the petition. The trial court granted the motion the following day and set a final hearing date of August 30, 2018.

[4] On July 6, 2018, counsel for Wife filed a limited appearance, stating that his representation was "limited to handling of provisional issues." Appellant's App. p. 11. Husband then sought, on August 28, 2018, a continuance of the scheduled final hearing date. The trial court granted this request and reset the final hearing for November 2, 2018.

[5] On October 29, 2018, Wife filed a motion to convert the scheduled November 2 hearing from a final to a provisional hearing. In this petition, Wife stated:

> 1.  [Wife] has been awaiting a provisional hearing since the Court's originally set hearing date . . . on August 30, 2018.

2.   The undersigned is providing representation on a limited appearance through and including the provisional hearing in this matter.

3.   Opposing counsel has been advised of this and it is also reflected in the undersigned's Limited Appearance filed with the Court on or about July 5, 2018.

4.   **[Wife] is currently disabled and is unable to generate any income for herself.**

5.   **[Husband], who previously provided approximately $5,000 to [Wife] prior to filing his Petition for Dissolution of Marriage[,] has been paying $0 to [Wife] for at least the past three (3) months, leaving [Wife] at the mercy of friends and family for her basic needs.**

6.   **[Wife] also has no ability to pay counsel.**

7.   Husband owns a business, the valuation of which is required for a just adjudication [of] this matter.

8.   Husband has other assets heretofore undisclosed that require discovery.

9.   [Wife] is not prepared for trial due to the aforementioned circumstances.

10.  This motion is not offered to unduly delay these proceedings.

WHEREFORE, [Wife] respectfully prays the court conduct its November 2, 2018 hearing as a provisional rather than final hearing; **that provisional maintenance be set in an amount sufficient to maintain the *status quo* during the pendency of this matter, retroactive to the petition date herein**; for reasonable attorney's fees and costs related hereto; and for all other relief just and proper in the premises.

Appellant's App. pp. 12–13 (emphases added). The trial court denied Wife's motion two days later.

[6] On November 1, 2018, the day before the scheduled final hearing, Wife's counsel filed a notice of objection to the hearing, a verified motion to continue, or, alternatively, a notice of completion of his limited representation in the matter. The trial court granted this motion to the extent it requested a continuance and reset the final hearing for January 4, 2019.

[7] At the January 4, 2019 final hearing, Wife presented evidence that she had been injured in an automobile accident in June 2012, after which she could not work. She then suffered a heart attack later that month. She had surgery on her fingers in 2013 and 2014. She then injured her neck and back in another automobile accident in 2015, and was still receiving treatment for her back injuries at the time of the hearing. Wife testified that she suffers from diabetes, chronic back pain, arthritis in her fingers, De Quervain's disease[1] in her thumb, and hypertension, and she wears a heart monitor.

[8] On March 15, 2019, the trial court entered a dissolution decree that included, at Husband's request, specific findings of fact and conclusion of law. This decree included the following provisions now at issue:

---

[1] "De Quervain's disease is a painful wrist condition that affects the tendons on the thumb side of the wrist (the radial side)." "De Quervain's disease," National Institutes of Health, Genetic and Rare Diseases Information Center, https://rarediseases.info.nih.gov/diseases/9413/de-quervains-disease (last visited January 7, 2020).

51.  Husband's gross monthly income is $10,790 and Wife's gross monthly income is $0. Wife was not voluntarily unemployed or underemployed during the pendency of this action. . . .

* * *

53.  Although Wife did not present any medical records or testimony from any medical experts in regards to her disability and inability to support herself, Wife's heart condition is currently serious enough that she must be continually evaluated by a [heart] Monitor. **Such evidence, along with evidence of the other injuries Wife has sustained since 2012 and Wife's work history during the marriage since her heart attack in 2012 is sufficient evidence for the Court to determine that Wife's ability to support herself is materially affected and to enter an award of maintenance. []**

54.  Given the division of the [family] business and the distributions Wife will be entitled to as a fifty-percent (50%) owner of the business and the respective parties' current and future earning ability, Husband shall pay to Wife $1,500 per month as disability spousal maintenance. That sum shall be paid to [W]ife indefinitely; provided, however, that spousal maintenance may be reduced or eliminated by further order of the Court as provided in [Indiana Code section] 31-15-7-2(1).

* * *

*IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS*:

* * *

4.   Husband shall pay Wife the monthly sum of One Thousand Five Hundred Dollars ($1,500) until further order of this Court.

Appellant's App. pp. 28–30 (emphasis added).

[9] Husband filed a motion to correct error on April 15, 2019, arguing that the trial court erred by awarding Wife spousal maintenance. Wife filed a response thereto on May 6, 2019, and the trial court entered an order denying Husband's motion to correct error on May 15, 2019. This appeal ensued.

## Standard of Review

[10] Where, as here, the trial court enters findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard of review for clear error:

> [T]hat is, first, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. We do not reweigh the evidence but consider the evidence favorable to the judgment. Findings of fact are clearly erroneous when the record contains no facts to support them, and a judgment is clearly erroneous if no evidence supports the findings, the findings fail to support the judgment, or if the trial court applies an incorrect legal standard. Although we review findings under the clearly erroneous standard, we review conclusions of law de novo.

*Carmer v. Carmer*, 45 N.E.3d 512, 516–17 (Ind. Ct. App. 2015) (citations omitted).

## Spousal Maintenance

[11] Husband argues that the trial court erred by awarding Wife spousal maintenance. Indiana Code section 31-15-7-2(1), which governs awards of spousal maintenance due to incapacity, provides:

(1) If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court.

### I. *Wife's Failure to Plead Spousal Maintenance*

[12]    Husband first argues that the trial court could not award spousal maintenance because Wife did not plead such a claim and that he was therefore surprised or "ambushed" by Wife's claim for maintenance at the final hearing. We are unpersuaded. Husband has not referred us to any authority providing that a respondent in a dissolution case must assert a claim of maintenance in a responsive pleading. To the contrary, Indiana Code section 31-15-7-1 provides that a trial court "may order maintenance in . . . final dissolution decrees entered under IC 31-15-2-16 . . . after making the findings required by section 2 of this chapter." Thus, because Husband filed for dissolution of the marriage, the trial court had the authority to award spousal maintenance if such an award was supported by the evidence.

[13]    We also agree with Wife that Husband was not unfairly surprised by Wife's request for maintenance at the final hearing. Husband was well aware of Wife's physical infirmities. Indeed, the trial court found that, when the parties were still married, Husband agreed that Wife should not work due to her physical incapacity. And when Wife filed a motion on October 29, 2018, to convert the scheduled final hearing into a provisional hearing, she asserted that she was

physically disabled, unable to earn income, and requested an award of maintenance, albeit provisional maintenance at that time. We therefore reject Husband's argument that he was unfairly surprised by Wife's request for spousal maintenance at the final hearing.

## II. Sufficiency of the Evidence Supporting an Award of Spousal Maintenance

[14] Husband also argues that there was insufficient evidence to support the trial court's award of spousal maintenance. In addressing this claim, we note that the decision to award spousal maintenance is wholly within the trial court's discretion. *Barton v. Barton*, 47 N.E.3d 368, 375 (Ind. Ct. App. 2015) (citing *Spivey v. Topper*, 876 N.E.2d 781, 784 (Ind. Ct. App. 2007)), *trans. denied*. "The presumption that the court correctly applied the law in making an award of spousal maintenance is one of the strongest presumptions applicable to our consideration of a case on appeal." *Id.* Accordingly, we will reverse a trial court's decision to award spousal maintenance only when it is clearly against the logic and effect of the facts and circumstances of the case. *Id.* (citing *Clokey v. Bosley Clokey*, 956 N.E.2d 714, 718 (Ind. Ct. App. 2011), *aff'd on reh'g*, 957 N.E.2d 1288).

[15] Here, Husband's argument that the evidence is insufficient to support the trial court's decision to award spousal maintenance is based on the fact that Wife presented no medical records or expert testimony to support her claims. We have previously held that an award of spousal maintenance may be based on the testimony of the disabled spouse and need not be supported by medical

records or expert testimony. *See In re Marriage of Snemis*, 575 N.E.2d 650, 655 (Ind. Ct. App. 1991) (noting that trial court could have made an award of spousal maintenance without medical evidence) (citing *Paxton v. Paxton*, 420 N.E.2d 1346 (Ind. Ct. App. 1981) (holding that wife's testimony that she was incapacitated and could not work, without corroborating medical testimony, was sufficient to support trial court's award of spousal maintenance )).

[16] Wife testified that she had not worked since she was injured in the 2012 automobile accident and her heart attack shortly thereafter. She had surgery on her hand in 2013 and 2014. She then injured her neck and back in a second automobile accident in 2015, and continues to receive treatment for her back injuries. She also suffers from diabetes, high cholesterol, hypertension, arthritis, and wears a heart monitor. While the parties were still married, Husband agreed that Wife should not work due to her physical ailments. This evidence was sufficient to support the trial court's award of spousal maintenance. *See id.* Husband's arguments to the contrary are little more than a request that we reweigh the evidence, which is not within our purview as an appellate court. *Carmer*, 45 N.E.3d at 516.

## Conclusion

[17] An award of spousal maintenance was within the authority of the trial court without a separate, specific pleading requesting such by Wife. The claim was adequately in Wife's petition to convert a final hearing into a provisional hearing. In addition, Husband, personally, was well aware of Wife's physical

problems that would justify such an award. Finally, Wife's testimony regarding her physical infirmities and her inability to work was sufficient to support the trial court's award of spousal maintenance. We therefore affirm the judgment of the trial court.

Affirmed.

Robb, J., and Pyle, J., concur.