**In the Matter of Robert E. LEHMAN.**

**No. 29S00–0510–DI–498.**

Supreme Court of Indiana.

Feb. 21, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23, section 11(c), the Indiana Supreme Court Disciplinary Commission and Respondent, Robert E. Lehman, have submitted for approval a "Statement of

---

Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** While representing clients in a personal injury action, Respondent learned that opposing counsel had served as judge *pro tem* in the court on two brief occasions after the clients' litigation began. Opposing counsel had not taken any action or considered any matters relating to the personal injury action. On October 7, 2004, Respondent moved to disqualify any judge in the court and to have the case transferred to another court. Respondent also informed his clients that he believed the judge and opposing counsel had significant ethical problems. The motion to disqualify was denied on October 13.

On October 12, 2004, Respondent filed an emergency request for a continuance of the trial. On October 15, Respondent called opposing counsel and told him that his clients wanted to report opposing counsel for unethical conduct, but if opposing counsel agreed to the continuance, Respondent thought he could dissuade his clients. Opposing counsel refused to consent to the continuance, and the judge denied the motion for a continuance. Respondent then filed a motion to reconsider the motion to disqualify. The case, however, settled without a trial.

On October 29, 2004, one of Respondent's clients filed complaints against the judge and opposing counsel with the Indiana Judicial Qualifications Commission. Both complaints were eventually dismissed.

The parties agree to the following aggravating circumstances: (1) Respondent used his clients' plan to file a complaint against the judge as leverage in his unsuccessful attempt to obtain her recusal; (2) Respondent has been disciplined on two prior occasions; and (3) Respondent has substantial experience in the practice of law.

The parties agree to the following mitigating circumstances: (1) Respondent's actions had no effect on the case; and (2) one of the clients would have filed complaints against the judge and opposing counsel irrespective of what Respondent did.

**Violations:** The parties agree that Respondent violated Professional Conduct Rule 8.4(d), which prohibits conduct prejudicial to the administration of justice, by communicating to opposing counsel a willingness to attempt to dissuade his clients from filing a complaint against opposing counsel as a *quid pro quo* for opposing counsel's agreement to a continuance of the trial.

**Discipline:** The parties agree to a suspension from the practice of law for 120 days.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. **Respondent is suspended from the practice of law for a period of one hundred and twenty (120) days, beginning April 1, 2007.** Respondent is ordered to fulfill his duties as a suspended attorney under Admission and Discipline Rule 23, section 26. At the conclusion of the period of suspension, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23, section 4(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer, to the parties, and to all other

entities entitled to notice under Admission and Discipline Rule 23, section 3(d).

All Justices concur, except SHEPARD, C.J., who did not participate.