RESPONDENT
Robert E. Lehman, *pro se*

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Indianapolis, Indiana

## In the
## Indiana Supreme Court



FILED
Mar 02 2009, 1:40 pm
CLERK
of the supreme court,
court of appeals and
tax court

No. 49S00-0808-DI-471

IN THE MATTER OF:

ROBERT E. LEHMAN,

*Respondent.*

Attorney Discipline Action
Hearing Officer Cynthia S. Emkes

**March 2, 2009**

**Per Curiam.**

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." We find that Respondent, Robert E. Lehman, engaged in attorney misconduct by committing the federal felony of willfully making a false tax return.

The Respondent's 1977 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4. For his misconduct, we find that Respondent should be disbarred from the practice of law in this state.

**Background**

On March 7, 2008, a three-count information was filed in federal court against Respondent charging him with willfully understating his income under penalties of perjury on federal income tax returns for 2002, 2003, and 2004. On August 8, 2008, Respondent pled guilty to one count of willfully making a false tax return, a federal felony. See 26 U.S.C. sec. 7206(1). He was fined $10,000 and sentenced to eight months in prison, followed by one year of supervised release. The remaining two counts were dismissed.

On August 27, 2008, the Commission filed a "Notice of Guilty Finding and Request for Suspension" pursuant to Admission and Discipline Rule 23(11.1)(a). Respondent filed no response, and the Court entered an order of interim suspension on September 30, 2008. The Commission filed a verified complaint on September 17, 2008. Respondent did not appear and filed no answer. The hearing officer filed her report on November 13, 2008, and neither party filed a petition for review. The hearing officer found Respondent's prior disciplinary history, discussed below, and his selfish motive to be significant facts in aggravation. The hearing officer found no facts in mitigation.

Respondent has been disciplined on three prior occasions:

➢ Matter of Lehman, 690 N.E.2d 696 (Ind. 1997). Respondent failed to disclose to personal injury client, with whom he had a contingent fee agreement, that he would retain in addition one-third of subrogation amounts owed by client to his insurers. The Court imposed public reprimand for violation of Professional Conduct Rules 1.5, 8.4(c), and 1.7(b).

➢ Matter of Lehman, 815 N.E.2d 116 (Ind. 2004). During a trial in which he represented the plaintiffs, Respondent (1) showed jury witness questions to his witness before the judge ruled on opposing counsel's objection, resulting in a mistrial; and (2) removed from opposing counsel's table, despite counsel's objection, a book that contained opposing counsel's notes concerning cross-examination of Respondent's witness. The Court approved agreed public reprimand for violation of Ind. Professional Conduct Rule 8.4(d).

➢ Matter of Lehman, 861 N.E.2d 708 (Ind. 2007). While representing clients in a personal injury action, Respondent told opposing counsel his clients wanted to report opposing counsel for unethical conduct, but if opposing counsel agreed to a continuance of the trial, Respondent thought he could dissuade his clients. The

2

Court approved agreed suspension of 120 days with automatic reinstatement for violation of Ind. Professional Conduct Rule 8.4(d).

## Discussion

When, as here, neither the Commission nor the respondent challenges the findings of the hearing officer, we accept and adopt those findings but reserve final judgment as to misconduct and sanction. Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000). Based on the hearing officer's finding, the Court concludes that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

➢ Rule 8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

➢ Rule 8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Turning to the issue of appropriate discipline for Respondent's violations, we note that the American Bar Association's *Standards for Imposing Lawyer Sanctions* (as amended in 1992), ("Standards") provide:

> Disbarment is generally appropriate when:
>
> (a) a lawyer engages in serious criminal conduct a necessary element of which includes . . . false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; . . . or
>
> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

Standard 5.11. In addition, the Standards list the following as aggravating circumstances: prior disciplinary offenses, dishonest or selfish motive, and illegal conduct. Standard 9.22.

Respondent pled guilty to a federal felony involving false swearing and misrepresentation, he acted out of a selfish motivation, and he has a substantial disciplinary history. In addition, he has neither challenged the hearing officer's report nor argued any mitigating facts. Under these circumstances, the Court concludes disbarment is warranted. *See*

Matter of Gibbs, 271 N.E.2d 729 (Ind. 1971) (attorney's conviction of federal income tax evasion warranted disbarment).

## Conclusion

For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

Shepard, C.J., and Dickson and Boehm, JJ., concur.

Sullivan and Rucker, JJ., concur, except that they would impose a three-year suspension without automatic reinstatement.