## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 06 2017, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brad A. Catlin
Price Waicukauski Joven & Catlin, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Steven F. Fillenwarth
Christine M. Stolle
Fillenwarth & Associates
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Robert Lehman,

*Appellant-Petitioner,*

v.

Michele Lehman,

*Appellee-Respondent*

April 6, 2017

Court of Appeals Case No. 49A02-1512-DR-2225

Appeal from the Marion Superior Court

The Honorable Michael D. Keele, Judge

The Honorable Victoria M. Ransberger, Magistrate

Trial Court Cause No. S784-1598

**Crone, Judge.**

# Case Summary

In this consolidated appeal, we address the narrow issue of the appropriateness of attorney's fee awards under the frivolous action statute and the marital dissolution statute. The parties, Robert Lehman ("Husband") and Michele Lehman ("Wife"), divorced in 1985 and, since 2012, have been in and out of court numerous times on various motions, causes, and appeals. This time, Husband challenges (1) the denial of his request for attorney's fees in defending Wife's allegedly frivolous action seeking to vacate a twenty-seven-year-old dissolution decree; and (2) an order granting Wife's motion for preliminary appellate attorney's fees pursuant to the marital dissolution statute. We affirm.

# Facts and Procedural History

Husband and Wife married in 1981 and had one daughter during the marriage. In 1984, Husband filed a petition to dissolve the marriage. In 1985, the trial court issued a decree of dissolution and settlement agreement signed by both parties (collectively "the 1985 decree"). Wife was a homemaker, and at that time, Husband was an attorney.[1] The couple continued to live together in their home for the next two decades, raised their daughter together, and held themselves out to the public as married. In 1995, Wife found some dissolution documents in their home.

---

[1] Husband was subsequently disbarred. *See In re Lehman*, 901 N.E.2d 1097, 1098 (Ind. 2009).

In 2012, Wife filed a motion under Indiana Trial Rule 60(B) to set aside the 1985 decree, claiming that she never knew that she and Husband were divorced. She questioned the authenticity of her purported signatures on the dissolution documents and claimed that Husband had forced her to sign some documents under coercion. In her Trial Rule 60(B) motion, she specified the following grounds for relief: fraud on the court, rescission based on reconciliation of the parties, and lack of jurisdiction based on her assertion that she neither received a summons nor was ever served with the 1985 decree. In conjunction with her motion, she filed a new petition for dissolution of marriage. Husband filed a motion to dismiss Wife's motion to set aside, claiming lack of jurisdiction and failure to state a claim upon which relief can be granted. The trial court denied the motion, finding that it had jurisdiction and that Wife had sufficiently stated a legal claim as required by Indiana Trial Rule 12(B)(6). Wife filed two requests to amend her motion to set aside. The trial court granted the first and denied the second, in which she sought to add a cohabitation claim.

The trial court held a hearing in September 2013, during which Husband claimed that Wife's motion to set aside was not a domestic relations matter and that he therefore was not required to pay Wife's attorney's and expert witness fees. The trial court ordered him to pay the fees, and he appealed. He later moved to dismiss his appeal, and the motions panel of this Court dismissed the

appeal with prejudice on January 27, 2014.[2]  Appellee's Corrected App. Vol. II at 13.

[5]     In June 2014, the trial court heard Wife's evidence on her motion to set aside the 1985 decree.  At the end of her case-in-chief, Husband moved for involuntary dismissal pursuant to Indiana Trial Rule 41(B).  The trial court took the matter under advisement and eventually granted Husband's motion, finding Wife's evidence insufficient to support her claims of lack of jurisdiction, fraud on the court, and rescission by reconciliation.  Wife filed a motion to correct error, which was denied.

[6]     Also in 2014, Husband filed a motion for attorney's fees pursuant to Indiana Code Section 34-52-1-1(b), claiming that Wife's motion to set aside the 1985 decree was a frivolous, unreasonable, or groundless action.  Meanwhile, he filed an independent action against Wife for abuse of process and malicious prosecution.  Citing his filing of the independent action, Husband subsequently requested dismissal without prejudice of his request for attorney's fees in the original action pursuant to Indiana Trial Rule 41(C).  The trial court granted his motion.

[7]     In September 2015, Husband moved to reinstate his request for attorney's fees in the original action.  The trial court denied his fee request, observing that "in filing the separate action for abuse of process [Husband] has deliberately created

---

[2]  There is nothing in the record to indicate that Husband did not pay those fees as ordered.

additional attorney['s] fees for his former wife, while simultaneously seeking attorney['s] fees and costs from her." Appellant's App. Vol. II at 177. Husband filed a motion to correct error, and Wife filed a motion to strike certain portions of Husband's affidavit attached to his motion to correct error. The trial court granted Wife's motion to strike and denied Husband's motion to correct error. Husband requested leave to amend his motion to correct error. The trial court granted his request but ultimately denied his amended motion to correct error. Husband initiated an appeal.

[8]     Meanwhile, Wife filed a motion for preliminary appellate attorney's fees pursuant to the dissolution statute. Husband sought a protective order to prevent Wife from accessing certain financial information for purposes of her petition for appellate attorney's fees. The trial court conducted a hearing, during which Husband stipulated to the appropriateness of appellate fees on the condition that the trial court had the legal authority to impose appellate attorney's fees. Wife's counsel indicated that the reasonable fee amount would be $7500, and the trial court concluded that the revelation of this fee information rendered Husband's requested protective order unnecessary. In December 2015, the trial court granted Wife's motion for preliminary appellate attorney's fees, and Husband now appeals, claiming that the trial court lacked the legal authority to impose appellate attorney's fees. This appeal was consolidated with Husband's appeal of the trial court's denial of his motion to

correct error on his own request for attorney's fees.[3]  Additional facts will be provided as necessary.

# Discussion and Decision

[9]     Husband asserts that the trial court erred in denying his petition for attorney's fees pursuant to the frivolous action statute and by granting Wife's petition for preliminary appellate attorney's fees under the marital dissolution statute.  We review a trial court's ruling on a petition for attorney's fees for an abuse of discretion.  *R.L. Turner v. Town of Brownsburg*, 963 N.E.2d 453, 457 (Ind. 2012).  An abuse of discretion occurs if the trial court's decision clearly contravenes the logic and effect of the facts and circumstances before it or it has misinterpreted the law.  *Id*.  Where, as here, the trial court enters special findings and conclusions thereon, we apply a two-tiered standard of review.  *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002).  We determine first whether the evidence supports the findings and then whether the findings support the judgment.  *Id*.  When reviewing the findings, we neither reweigh evidence nor reassess witness credibility.  *Id*.  We reverse only on a showing of clear error.  *Id*.

[10]    "The general rule regarding attorney fees – known as the American Rule – is that each party bears its own attorney fees."  *Cavello v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 1006 (Ind. Ct. App. 2015).  Among the exceptions to the American Rule are attorney's fee awards for frivolous,

---

[3] Wife filed a motion to strike certain statements included in Husband's reply brief, which we deny in an order to be issued contemporaneously with this decision.

unreasonable, or groundless actions and attorney's fee awards in domestic relations matters. *See* Ind. Code §§ 34-52-1-1, 31-15-10-1.

## Section 1 – The trial court acted within its discretion in denying Husband's petition for attorney's fees pursuant to the frivolous action statute.

[11] Husband submits that the trial court abused its discretion in denying his petition for attorney's fees based on what he characterizes as a frivolous, unreasonable, or groundless action filed by Wife to set aside the 1985 decree. Indiana Code Section 34-52-1-1 reads in pertinent part,

> (b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>
> (3) litigated the action in bad faith.
>
> (c) The award of fees under subsection (b) does not prevent a prevailing party from bringing an action against another party for abuse of process arising in any part on the same facts. However, the prevailing party may not recover the same attorney's fees twice.

[12] Our supreme court has observed that the legal process "must invite, not inhibit, the presentation of new and creative argument" and, as such, statutes

authorizing the recovery of attorney's fees "must leave breathing room for

zealous advocacy and access to the courts to vindicate rights." *Mitchell v.*

*Mitchell*, 695 N.E.2d 920, 925 (Ind. 1998). Being sensitive to such

considerations, a trial court must view "with suspicion" a party's assertions that

his opponent has raised a frivolous, unreasonable, or groundless claim or

defense. *Id*. Broadly stated, the statute authorizing an award of attorney's fees

for frivolous lawsuits "strikes a balance between respect for an attorney's duty

of zealous advocacy and the important policy of discouraging unnecessary and

unwarranted litigation." *Id*. at 924 (citation and internal quotation marks

omitted).

[13]
> A claim or defense is "frivolous" if it is taken primarily for the
> purpose of harassment, if the attorney is unable to make a good
> faith and rational argument on the merits of the action, or if the
> lawyer is unable to support the action taken by a good faith and
> rational argument for an extension, modification, or reversal of
> existing law. A claim or defense is unreasonable if, based on the
> totality of the circumstances, including the law and the facts
> known at the time of filing, no reasonable attorney would
> consider that claim or defense was worthy of litigation. A claim
> or defense is "groundless" if no facts exist which support the legal
> claim presented by the losing party. A trial court is not required
> to find an improper motive to support an award of attorney fees;
> rather, an award may be based solely upon the lack of a good
> faith and rational argument in support of the claim.

*Waterfield v. Waterfield*, 61 N.E.3d 314, 335-36 (Ind. Ct. App. 2016) (citations

omitted), *trans. denied* (2017). "A claim or defense is not groundless or frivolous

merely because the party loses on the merits." *Estate of Kappel v. Kappel*, 979 N.E.2d 642, 655 (Ind. Ct. App. 2012).

[14] Here, Husband asserts that Wife's motion to set aside a twenty-seven-year-old decree was frivolous, unreasonable, or groundless. Although the trial court eventually granted Husband's motion for involuntary dismissal under Trial Rule 41(B), Husband first sought and was denied dismissal under Trial Rule 12(B)(6) for failure to state a claim. While we acknowledge that the showing required to survive a Rule 12(B)(6) motion[4] is less stringent than the showing required to survive dismissal under Rule 41(B),[5] we believe that the trial court's findings in its order denying dismissal under Rule 12(B)(6) are helpful in framing Wife's counterarguments:

> 3. Wife's facts assert that Husband was formerly an attorney and Wife was a homemaker and primary caretaker of their minor child, at the time that Husband obtained a Decree of Dissolution on April 15, 1985, 27 years ago. Husband's submission of a settlement agreement provided that Husband received the majority of the marital estate; Husband gave himself "complete ownership of all the marital real estate, whether individually or jointly owned"; Husband only assumed debt personally incurred

---

[4] A motion to dismiss under Indiana Trial Rule 12(B)(6) tests the legal sufficiency of the plaintiff's complaint, and the trial court must consider the pleadings in the light most favorable to the plaintiff and draw every reasonable inference in favor of the nonmoving party, here Wife. *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006)

[5] After the plaintiff or party with the burden of proof has completed her presentation of evidence, the trial court may, on the opposing party's motion, determine that upon the weight of the evidence and the law, the plaintiff has shown no right to relief and enter dismissal. Ind. Trial Rule 41(B). *See also Barger v. Pate*, 831 N.E.2d 758, 761 (Ind. Ct. App. 2005) (under Rule 41(B)), trial court may weigh evidence, assess witness credibility, and determine whether party with burden of proof has established right to relief during case-in-chief).

in his name only and would "pay any other marital obligation but only up to a total amount of $1,500.00;" Wife was required to hold Husband harmless for any debts she was responsible for yet it had no similar clause for Husband to hold Wife harmless for payment of his outstanding obligations; Husband was to pay Wife $280 per month in child support, which was never paid for their only child; Husband also agreed to purchase and finance a condominium unit in Lakes at the Crossing in Indianapolis, however, he never purchased and/or financed said condominium on behalf of Wife.

4. Wife has sufficiently stated a legal claim for relief against Petitioner for fraud upon the court. Wife's complaint to set aside and vacate the final settlement agreement, decree of dissolution of marriage and wavier [sic] of final hearing (Motion) also sets forth facts to support her claim that Husband schemed to influence the Court to enter the Decree of Dissolution of Marriage and Final Settlement Agreement. Wife states that she did not sign the Waiver of Service and Consent to Jurisdiction[;] rather Husband fraudulently had this Waiver executed prior to submitting it to the Court. Wife also states that Husband physically threatened her to sign the settlement.

5. Wife has sufficiently stated a claim that the parties intended to rescind the Final Settlement Agreement. *Brinkmann v. Brinkmann*, 772 N.E.2d 441, 448 (Ind. Ct. App. 2002) (underlining altered) requires clear proof that parties intend a property settlement agreement to be terminated where the parties later reconcile. Husband and Wife continually shared a marital residence together for the past twenty-seven (27) years; the parties held themselves out to the public as Husband and Wife for the past twenty-seven (27) years; the parties filed tax returns as *married filing jointly*. (Underlining altered.) Husband had previously represented to an Internal Revenue Service Auditor that Husband and Wife were legally married during questioning for a tax audit some years after the date of the Decree of Dissolution. After the date of the Decree of Dissolution,

Husband did not follow the terms of the Final Settlement Agreement, failing to pay child support to Wife, failing to purchase and finance a condominium unit in Lakes at the Crossing in Indianapolis, Indiana, on behalf of Wife for which "he would not have consummated said purchase and major financial commitment" but for the Final Settlement Agreement.

Appellee's Corrected App. Vol. II at 10-11.

[15] In its order granting Husband's motion for involuntary dismissal of Wife's claims pursuant to Rule 41(B), the trial court found that Wife waived her claim of lack of personal jurisdiction by submitting to the court's jurisdiction and that, waiver notwithstanding, "The Court has carefully considered the testimony of Wife as well as Wife's hand-writing expert. Wife does not remember signing the [waiver of service and consent to jurisdiction] and her expert's testimony was not persuasive. The evidence, in the determination of the Court is simply deficient." Appellant's App. Vol. II at 125. As for Wife's claim of fraud upon the court, the trial court found in pertinent part,

> 22. Wife failed to present sufficient evidence to meet her burden of proof in demonstrating any of her allegations. The totality of Wife's evidence does not support a finding of fraud. Even assuming arguendo, that Wife felt that she had to sign the documents that Husband placed before her, she had ample opportunity to show the documents to her friend … on the same night. She had time to destroy the documents. Wife is an educated person and could have checked the Court records at any time following the evening that she admittedly signed at least one of the documents.
>
> 23. The Settlement Agreement contains numerous hand-written

changes, initialed by the parties, which only served to benefit Wife. Those initialed changes demonstrate that Wife reviewed the terms of the Settlement Agreement and understood those terms well enough to make agreed changes to the document.

24. Wife had been married and divorced prior to the marriage to [Husband]. She was represented by counsel in her prior divorce. Wife was certainly aware of her rights to follow up with contacting a lawyer.

25. Wife's claim that Husband concealed the dissolution action from her for over 27 years is simply not credible. The parties have filed separate tax returns (single, not married) since 1995; Wife filed for Social Security Benefits indicating she was divorced and was never married for more than 10 years; Wife testified, under oath, in a trial in Hamilton County that she was no longer married; and … Wife executed a promissory note to Husband indicating her understanding that the parties divorced in 1985. Wife has told a number of friends and family members about the divorce, including the parties' daughter and [Wife's] brother. Some of those friends were made aware of the divorce by Wife as early as 1995. Wife, by her own admission, found the signed and file-marked copies of the dissolution papers in 1995. She saw … a dissolution attorney, around the time she found those documents. Wife sat on any rights that she may have had by not acting upon the divorce for 18 years.

26. Wife has failed to present sufficient evidence to meet her burden of proof in demonstrating Husband has committed fraud upon the Court. Husband's Motion for Involuntary Dismissal of Respondent's Motion to Set Aside on the basis of fraud upon the court is **granted**.

*Id*. at 126-27.

[16] With respect to Wife's claim for rescission by reconciliation, the trial court found,

> 30. While it is true that Husband did not provide a condo for Wife or pay the support figure detailed in their settlement, the parties clearly severed themselves financially at the time of the dissolution. The parties did not maintain joint bank accounts, debts or own property jointly. The fact that both parties "pretended" to be married for many years or chose to keep the details of their divorce private, simply does not prove rescission of the Settlement Agreement. Wife has failed to present sufficient evidence to meet her burden of proof in demonstrating that Husband has rescinded the Settlement Agreement.

*Id.* at 128.

[17] In short, the trial court initially found the Wife's assertions sufficient to clear the hurdle of stating a claim upon which relief may be granted. The evidence that she and Husband continued to live together and held themselves out as a married couple to friends and even to the IRS, at least for the first decade, suggested that Wife, a homemaker, was not fully aware of the effect of the documents she had signed, potentially under duress. However, after affording Wife the opportunity to present her case fully and present witnesses on her own behalf, the trial court simply found that Wife's claims lacked sufficient evidentiary support. In other words, Wife lost on the merits, but her loss did not render her claims frivolous, unreasonable, or groundless. *See Estate of Kappel*, 979 N.E.2d at 655. The trial court, having traversed the arduous maze of motions, amendments, and responses and managed the tensions and

conflicting stories of the parties, determined that Husband was not entitled to attorney's fees under the frivolous action statute. We find no abuse of discretion here.

## Section 2 – The trial court acted within its discretion in granting Wife's request for preliminary appellate attorney's fees pursuant to the dissolution statute.

[18] Husband also maintains that the trial court lacked authority to award Wife preliminary appellate attorney's fees and therefore abused its discretion in granting Wife's petition. Indiana Code Section 31-15-10-1 allows a trial court to order a party to a marital dissolution to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding connected with the dissolution. *Ehle v. Ehle*, 737 N.E.2d 429, 437 (Ind. Ct. App. 2000). This includes amounts for legal services provided and costs incurred before the proceedings commenced or after entry of judgment. Ind. Code § 31-15-10-1(a).

[19] The purpose of the award of attorney's fees is to ensure legal representation for a party in a dissolution proceeding who might not otherwise be able to afford an attorney. *Hartley v. Hartley*, 862 N.E.2d 274, 286-87 (Ind. Ct. App. 2007). In contrast to the frivolous action statute, Indiana Code Section 31-15-10-1 is written more broadly. Among the factors that the trial court must consider when evaluating a request for attorney's fees are the parties' relative resources, economic condition, employability, and earning potential. *Id*. at 286. Where, as here, one party is "in a superior position to pay fees," an award of attorney's fees is proper. *Id*. at 287. *See also Bertholet v. Bertholet*, 725 N.E.2d 487, 501

(Ind. Ct. App. 2000) (statute includes awards for reasonable appellate attorney's fees where applicable).

[20] Here, Husband was not present at the hearing on Wife's request for preliminary appellate attorney's fees. However, at the outset, his counsel stated,

> [Husband] is willing to stipulate or consent to an order finding that preliminary appellate attorney's fees are appropriate in this case. Should this Court conclude that it has the authority to enter such an order …. so we're not disputing the factual issue about that, we're only disputing the legal issue.

Tr. at 6. Later in the hearing, Husband's counsel reiterated,

> I suppose my client would probably want me to do a response to the factual allegations, but frankly, like I said, *we're willing to stipulate this is an appropriate case for appellate attorney's fees*. What I don't know from the facts or record that this Court has – is you know, what the expected fee – a reasonable fee would be in this case.

*Id*. at 16 (emphasis added). Wife's counsel submitted figures of twenty-five to thirty hours multiplied by an hourly rate of $275, for a reasonable appellate attorney's fee of $7500. *Id*. at 21. He does not challenge the reasonableness of this amount on appeal.

[21] Husband characterizes Wife's action to set aside the 1985 decree as an independent action rather than a domestic relations matter and submits that the trial court therefore lacked authority to award her preliminary appellate attorney's fees under the marital dissolution statute. We disagree. The trial

court specifically found Husband's claim for attorney's fees to be "derivative" of Wife's action to set aside a decree issued in a domestic relations matter. Appellee's Corrected App. Vol. II at 18. The court also observed that the issue had already been addressed and decided:

> [Husband] raised this same issue (that [Wife's] Motion to Set Aside is not a domestic relations matter) at the hearing in this Court on September 5, 2013. This Court disagreed with [Husband's] argument then and ordered him to pay a portion of [Wife's] attorney's and expert's fees. [Husband] initiated an appeal on this Court's decision ordering him to pay [Wife's] fees. [Husband] later moved to dismiss his own appeal and it was dismissed with prejudice.

*Id.* at 18 n.1. Interestingly, while claiming that Wife's Rule 60(B) motion was an independent cause and not a domestic relations matter, Husband made use of the domestic relations cause number to file his appeal as well as his own initial request for fees under the frivolous action statute.

[22] The issue of whether Wife's action is a domestic relations matter for purposes of attorney's fees has been litigated, appealed, and dismissed with prejudice by this Court.[6] In its order, the trial court considered the pleadings, affidavits, and exhibits filed since 2015 and reiterated its earlier finding that "there is no good cause shown to allow [Husband] to continue to use the Courts for his litigation

---

[6] Even so, a party's motion to set aside a divorce decree has been held to constitute a domestic relations matter. *See Glover v. Torrence*, 723 N.E.2d 924, 939-40 (Ind. Ct. App. 2000) (affirming award of attorney's fee under marital dissolution statute in mother's action to set aside three-year-old custody modification order on grounds of fraud).

agenda which appears to this Court to be solely for the purpose of causing [Wife] additional attorney's fees." *Id*. at 19.

[23] In short, Wife's action was a domestic relations matter, making her eligible for attorney's fees under Indiana Code Section 31-15-10-1. Thus, the trial court had the authority to award her a reasonable preliminary appellate attorney's fee. We find no abuse of discretion here. Accordingly, we affirm.

[24] Affirmed.

Riley, J., and Altice, J., concur.